DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRENDA J. PRUITT<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R.L. BROWNLEE, Acting Secretary of the Army<br><br>　　　　Defendant. | Case No.  3:04-cv-0086-RRB<br><br>**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE WHETHER THE ISSUE OF EMPLOYER LIABILITY IS SUBJECT TO *DE NOVO* REVIEW** |

　　　　Pursuant to Fed. R. Civ. P. 56, the Defendant, Acting Secretary of the United States Army ("Army"), moves for partial summary judgment on the issue of whether Brenda Pruitt ("Ms. Pruitt") can challenge the amount of her damage award in the administrative action without litigating the entire case.  Recent

appellate decisions establish that this Court must conduct a trial *de novo* on all issues. Because Ms. Pruitt seeks additional damages, review is *de novo*, and both the liability decision and the damage award must be re-litigated. Therefore, the Army moves that the court grant its motion for partial summary judgment and allow it to challenge the merits of the underlying case.

## FACTS

In 1997, Ms. Pruitt was working as a licensed vocational nurse for the Army in Fairbanks, Alaska. On January 27, 1997, Ms. Pruitt filed a formal complaint alleging discrimination on a variety of bases regarding several incidents. Ex. A. An EEO hearing was held at Fort Wainwright, Alaska, on May 11-12, 1999, and on July 6, 2000, the Administrative Judge ("AJ") consolidated the original 6 issues into the following: whether the Army discriminated against Brenda Pruitt on the bases of race (African American), color (black), sex (female), and age (DOB: 1946) by subjecting her to a hostile environment and disparate treatment on a continuing basis between September 1996 and February 1997. Ex. B.

The AJ ultimately rejected all claims but one, deciding that the Army had subjected Ms. Pruitt to a hostile work environment based on email(s) sent by a Caucasian noncommissioned officer ("NCO") concerning a black NCO. The court

instructed the Army to issue a final order in accordance with its ruling. Ex. B. The Army responded to the decision by taking two actions: The Army appealed the single AJ's finding of a hostile work environment based on race to EEOC's Office of Federal Operations (OFO), and the Army issued a Final Action and Order on August 24, 2000. Ex. B at 2. Subsequently, on January 20, 2004, the OFO denied the Army's appeal. See Complaint, the decision is attached. Pursuant to the order of the EEOC's OFO, the Army paid Ms. Pruitt $1,000.00 on June 25, 2004, and it paid her (former) attorney $5,885.75 on or before June 23, 2004. Ex. C.

On May 11, 2004, Ms. Pruitt filed this civil action. She listed all the claims she presented before the EEO. Complaint at ¶¶ 5-11. At first blush, it appears as if she is requesting *de novo* review. In conversations with Ms. Pruitt, however, she has expressed her belief that the OFO's decision should not be disturbed and that she should only be required to produce evidence about the damages she sustained. For this reason, the government is bringing this motion.

## STANDARD OF REVIEW

Summary judgment is appropriate because there "is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Statutory construction is a question of law. Trustees of Amalgamated Ins. Fund v. Geltman Ind., 784 F.2d 926, 929 (9th Cir. 1986), cert. denied, 479 U.S. 822 (1986). Summary judgment is appropriate for pure issues of law. Southern Pacific Transportation Co. v. California, 790 F.Supp. 983 n.1 (C.D. Ca. 1991); see Smith v. Califano, 597 F.2d 152, 155 n.4 (9th Cir.), cert. denied sub nom. Smith v. Harris, 444 U.S. 980 (1979).

## RELATED CASE

The issue of whether a Plaintiff may challenge only the damage award has also been raised in another case pending before the same judge, Judge Ralph Beistline. In Grant v. Teets, Case No. 3:04-cv-285-RRB, the undersigned counsel filed a motion on the same issue and expected that the issue would be decided before this case was ready for trial. In Grant, the plaintiff is represented by counsel and in this case, Ms. Pruitt is appearing *pro se*. As the issue presented relied on statutory interpretation, and involved only a matter of law, undersigned

counsel intended to rely on the result of litigation in Grant.  Unfortunately, Plaintiff's counsel in Grant has been unable to respond to the motion filed on September 1, 2005, due to many unforseen circumstances.  During this delay, however, two Circuit courts have issued opinions which now bring all Circuit Courts into harmony on this issue.

## ARGUMENT

I.   BECAUSE MS. PRUITT SEEKS ADDITIONAL DAMAGES, SHE MUST RE-LITIGATE THE CASE

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16(c), provides that a federal employee who has filed an employment discrimination complaint with the EEOC and is aggrieved either by the final disposition of her complaint or by her employer's failure to comply with EEOC directives may file a civil suit in federal district court as provided in § 2000e-5.  The option to sue regarding the final disposition or the employer's failure to obey the order created two separate remedies which have been categorized as either a *de novo* action or an enforcement action.  In Girard v. Rubin, 62 F.3d 1244, 1247 (9th Cir. 1995), the Ninth Circuit cited with approval the Sixth Circuit's explanation about the different treatment of the two remedies.  In Haskins v. Department of the Army, 808 F.2d 1192, 1199 n.4 (6th Cir.), cert. denied, 484 U.S. 815  (1987), the court

wrote:

> If a federal employee has received a favorable determination at the administrative level, he or she is able to go into federal court to enforce that order without risking *de novo* review of the merits. Thus, the employing agency cannot challenge issues decided against it if the plaintiff does not seek *de novo* review.

Thus, in an enforcement action, the government may not challenge the finding of discrimination. A dilemma arises, however, when an employee is happy with the finding of discrimination, but unhappy with the damage award. Although other appellate courts have addressed this issue, the Court of Appeals for the Ninth Circuit has not. In Farrell v. Principi, 366 F.3d 1066, 1068 n.2 (9th Cir. 2004), the Ninth Circuit specifically avoided a decision on whether the employee can have a partial *de novo* trial on the damage issue, but it is useful in deciding when an action is a pure enforcement action. It wrote:

> We do not express any opinion on whether the ALJ and the VA's determination of liability is also subject to a *de novo* determination. Compare Morris v. Rice, 985 F.2d 143, 145 (4th Cir.1993) ("[T]he plaintiff may limit and tailor his request for *de novo* review, raising questions about the remedy without exposing himself to a *de novo* review of a finding of discrimination), with Timmons v. White, 314 F.3d 1229, 1234 (10th Cir. 2003) (holding that "plaintiff who has brought a civil action under § 2000e-16(c) is not entitled to limit the district court's review to the issue of remedy only").

366 F.3d at1068 n.2. Thus, while the Ninth Circuit acknowledged the split

decisions in the circuit courts it declined to rule whether, in a case that was not an enforcement action, a complainant could have *de novo* review of the damage award without a *de novo* review of the liability decision.

The Ninth Circuit did find in Farrell that when a complainant rejects the damage awarded in an agency's final action and seeks additional damages, the action is not an enforcement action. The Ninth Circuit ruled that the district court could award greater or lesser relief than the agency did in its final order. Id. at 1068. But, by "opting for *de novo* review of his remedy," the complainant could not simultaneously seek enforcement of that remedy.

## II.  TITLE VII PROVIDES A FEDERAL EMPLOYEE WITH A TRIAL *DE NOVO*

The starting place for the analysis of the nature of the cause of action provided by Title VII is the Supreme Court's detailed and unanimous exploration of that issue in Chandler v. Roudebush, 425 U.S. 840 (1976). The Supreme Court began its analysis in Chandler by quoting the relevant statutory language. Congress provided that an employee, "if aggrieved by the final disposition of his [administrative] complaint, . . . may file a civil action as provided in section 2000e-5 of this title," 42 U.S.C. § 2000e-16(c), and specifically that the provisions of section 2000e-5(f) through (k) apply, 42 U.S.C. § 2000e-16(d); See 425 U.S. at

844.  The Court then noted that "[i]t is well established" that the referenced statutory provisions – part of Title VII – accord "the right to *de novo* consideration of their . . . claims."  Id.; accord id. at 844-45 (collecting cases).  Indeed, the Court looked to more recent amendments to the relevant portions of Title VII and concluded that "the 'civil action' to which private-sector employees are entitled under the amended version of Title VII is to be a trial *de novo*."  Id. at 845.  Putting the statutory pieces together, the Court held:

> Since federal-sector employees are entitled by § 717(c) to 'file a civil action as provided in section 706 [42 U.S.C. § 2000e-5 (1970 ed., Supp. IV)]' and since the civil action provided in [42 U.S.C. § 2000e-5] is a trial *de novo*, it would seem to follow syllogistically that federal employees are entitled to a trial *de novo* of their employment discrimination claims.

Id. at 845-46.  After a thorough review of the legislative history, the Court concluded that "a federal employee [has] the same right to a trial *de novo* as private-sector employees enjoy under Title VII."  Id. at 864.

The Supreme Court's holding that the civil action under Title VII is a trial *de novo*, by definition means that the trial is to be on all issues.  Timmons v. White, 314 F.3d 1229, 1234 (10th Cir. 2003) ("In accordance with the plain meaning of the term 'trial *de novo*,' . . . a plaintiff who has brought a civil action

under § 2000e-16(c) is not entitled to limit the district court's review to the issue of remedy only."). This is because "'*de novo*' means trying the matter anew, the same as if it had not been heard before and as if no decision had been previously rendered." Exner v. FBI, 612 F.2d 1202, 1209 (9th Cir. 1980) (citation omitted).

The United States Courts of Appeals for the Third Circuit, the District of Columbia, and the Tenth Circuit agree that a complainant who files in district court to challenge the sufficiency of a Title VII administrative award must re-litigate the underlying discrimination claim, and the court must predicate any subsequent damage award on an independent finding of liability. Morris v. Rumsfeld, 420 F.3d 286, 293 (3d Cir. 2005); Scott v. Johanns, 409 F.3d at 466, 470 (D.C. Cir. 2005); Timmons v. White, 314 F.3d 1229, 1233 (10th Cir. 2003). In December, 2005 the Court of Appeals for the Eleventh Circuit joined them. David W. Ellis, Jr. v. Gordon R. England, 432 F.3d 1321, 1325 (11th Cir. 2005).

Until February 14, 2006, only the Court of Appeals for the Fourth Circuit found that a complainant can have limited *de novo* review of an administrative damage award. Morris v. Rice, 985 F.2d 143, 145-146 (4th Cir. 1993); Pecker v. Heckler, 801 F.2d 709, 711 n.3 (4th Cir. 1986).[1] On February 16, 2006, the Fourth

---

[1] In Ellis, the Eleventh Circuit interprets the Ninth Circuit ruling in Girard v. Rubin, 62 F.3d 1244 (9th Cir. 1995), as allowing the Plaintiff to proceed on the damage claim alone. That

Circuit, en banc, in Laber v. Harvey, 2006 WL 348289 (4th Cir. 2006) wrote: "We now overrule Pecker and Morris and hold that a federal-employee plaintiff who prevails before the OFO on the issue of liability but who is unsatisfied with the OFO's remedy must place his employing agency's discrimination at issue in order properly to claim entitlement to a more favorable remedial award in the District Court." Ex. D at *12.

Ms. Pruitt prevailed on the liability issue, but decided that the damage award was too low and filed an action challenging the damage award. Although, the agency accepted the decision and paid Ms. Pruitt, now that she requests additional compensation the agency is entitled to contest liability. In Scott, 409 F.3d at 470, the court wrote:

> [W]e see nothing disingenuous about an employing agency adopting an AJ's liability finding and then disputing liability in court, given that the decision to adopt the finding may well rest in part on the size of the remedial award. In this case, for example, DOA may have accepted the liability finding because it thought the remedy, including the $10,000 compensatory award, was reasonable, or at least not worth contesting. Now faced with the prospect of a larger award, DOA might quite legitimately wish to contest liability.

---

issue was not before the Girard court. In dicta, the Ninth Circuit cited the Eleventh Cirsuit's Moore decision and the Fourth Circuit's Morris decision as supporting limited review. Now Morris has been overuled and the Eleventh Circuit has disagreed with the Ninth Circuit's interpretation of its case, Moore. Moreover, in Farrell, decided after Girard, the Ninth Circuit declined to address the issue and did not cit to Girard.

Both law and equity support the ruling that the government may challenge the finding of liability in this case.

## CONCLUSION

All Circuit Courts now agree that the plain language of the relevant statutes and the Supreme Court's ruling in <u>Chandler</u> compel a finding that complainants receive a trial *de novo*, and that a trial *de novo* means a new trial on all issues. Although Ms. Pruitt only wants to recover additional damages, this Court should treat her complaint as an action for *de novo* review, which means treating it as if no decision had been previously rendered. The government requests that this court grant its motion for partial summary judgment on the limited issue of whether the government can challenge the EEOC's liability decision in this court.

Respectfully submitted, on February 27, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2006,
a copy of the foregoing **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE WHETHER THE ISSUE OF EMPLOYER LIABILITY IS SUBJECT TO *DE NOVO* REVIEW**
was served by U. S. Mail on:

Brenda J. Pruitt
104 Muldoon Rd Unit 222
Anchorage, AK 99504


s/ Susan J. Lindquist