

DEPARTMENT OF THE ARMY
EQUAL EMPLOYMENT OPPORTUNITY COMPLIANCE
AND COMPLAINTS REVIEW AGENCY
1ST FLOOR, 1941 JEFFERSON DAVIS HIGHWAY
ARLINGTON, VA 22202-4508

REPLY TO
ATTENTION OF

August 24, 2000

SAMR-SFECR

Mr. Hugh W. Fleischer
Attorney at Law
310 K Street, Suite 200
Anchorage, Alaska 99501

Complaint of: Brenda J. Pruitt v.
Louis Caldera, Secretary of the Army
DA Docket # SAC-97-AR-0479-E
EEOC No. 380 98 8198X

Dear Mr. Fleischer:

This is the Final Action and Order of the Department of the Army in the above captioned complaint.

On May 11 and 12, 1999, an Administrative Judge from the Equal Employment Opportunity Commission (EEOC) conducted a hearing on the following issue:

Whether the Agency discriminated against Complainant on the basis of her race (African American), color (black), sex (female), and age (DOB: December 16, 1946), by subjecting her to a hostile environment and disparate treatment on a continuing basis between September 1996 and February 1997.

### DECISION

On July 6, 2000, the EEOC Administrative Judge issued a decision finding that the agency did subject complainant to a hostile environment based on race and color, but not sex or age, for the racially charged atmosphere caused by racially offensive e-mails in October 1996. The EEOC Administrative Judge also found that the agency did not subject complainant to disparate treatment because of her race, color, sex, or age, when it relocated her, called the police about her former office, withheld her key, and modified her work assignment. Finally, he found that the Army unlawfully interfered with the EEO process in violation of 29 C.F.R. § 1614.105(g), when its Fort Richardson EEO officer refused to accept Pruitt's informal complaint in October 1996.


Printed on Recycled Paper

Exhibit B

The Administrative Judge ordered the following remedies, which are summarized below:

a. The agency shall pay the complainant all costs to which she may be entitled under Federal law in connection with this complaint. 28 U.S.C. § 1920, 29 C.F.R. 1614.501. The agency shall pay the complainant's reasonable attorney's fees.

b. The agency shall take no retaliatory action against the complainant for having filed and prosecuted this discrimination complaint.

c. The agency shall pay compensatory damages as follows:

   1. Pecuniary Damages: The complainant was treated by several medical doctors and provided medical records; however, no medical bills were submitted into evidence. Therefore, there are no pecuniary damages.

   2. Non-pecuniary Damages: One thousand dollars ($1,000.00) for the hostile environment caused by the racial e-mails in October 1996 causing the complainant to be upset and causing her unwarranted stress. Also, one thousand dollars ($1,000.00) for the agency's refusal to accept or process complainant's informal EEO complaint in 1996 which caused her to be upset and caused stress.

d. The agency shall insure that in the future, the complainant and all other Black employees at the Bassett Army Community Hospital and the Kamish Clinic are not subjected to the same, similar, or any acts of race-based harassment.

e. The agency shall insure that in the future there will be no interference of the EEO process in Alaska and any complainant who wishes to initiate or file an EEO complaint is permitted to do so.

f. The agency shall conduct EEO training for managers, supervisors, and employees at Bassett Army Community Hospital and the Kamish Clinic.

g. The agency shall post, at all facilities within the authority of Bassett Army Community Hospital and the Kamish Clinic, a copy of a notice advising employees of this finding of discrimination.

## ORDER

The Department of the Army will **NOT** fully implement the decision of the Administrative Judge (or relief ordered). The agency will also **delay making the payments** to the Complainant which are prescribed in the Administrative Judge's ruling.

A copy of the agency appeal (EEOC Form 573) is attached. **This is the final action on the above captioned complaint.**

### RIGHT TO APPEAL BEFORE THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Your client has the right to file **separate appeals** of the Agency's Final Order, or of any rulings or decisions made by the Administrative Judge during the course of the action, to the Equal Employment Opportunity Commission **within 30 calendar days** of your receipt of this letter. If an appeal is not filed, the Commission will review the propriety of the agency's decision not to implement the Administrative Judge's decision. If, however, your client believes that other issues presented in the complaint and addressed by the Administrative Judge were wrongly decided, or that the Administrative Judge's decision contained errors, an appeal from the agency's final order should be filed to ensure that the Commission addresses these issues as well. If appeals are filed, use Equal Employment Opportunity Commission Form 573, **Notice of Appeal/Petition**, indicating what is being appealed and include the Department of the Army case number assigned. A copy of this form is enclosed.

An appeal must be filed with the following:

Equal Employment Opportunity Commission
 Office of Federal Operations
P.O. Box 19848
Washington, DC  20036

Or hand delivered to:

Equal Employment Opportunity Commission
 Office of Federal Operations
1801 L Street NW
Washington, DC  20507

Or facsimile sent to: (202) 663-7022

A copy of the appeal must be provided to the agency at the same time it is filed with the Equal Employment Opportunity Commission. The agency copy can be mailed to:

Director, Equal Employment Opportunity
 Compliance and Complaints Review Agency
1st Floor, 1941 Jefferson Davis Highway
Arlington, Virginia  22202-4508.

Certification of the date and method by which service was made on the Agency must be contained in or attached to the appeal addressed to the Equal Employment Opportunity Commission.

As the attorney of record, the date that you receive a copy of this correspondence is the date of receipt for computation purposes. If an appeal is filed beyond the thirty (30) day period set forth in the Commission's regulations, an explanation as to why the appeal is untimely should be provided. If an appropriate explanation is not provided in accordance with § 1614.604, the Commission may dismiss the appeal as untimely.

### RIGHT TO FILE BRIEF. SUPPORTING DOCUMENTS AND OPPOSITION TO AN APPEAL

If your client files an appeal, she has the right to file a brief or statement in support of the appeal with the Office of Federal Operations within thirty (30) days of the filing of the appeal. If the agency files a brief or statement in support of its appeal, your client has the right to file a statement in opposition to the appeal within thirty (30) days of receipt of the brief or statement supporting the agency's appeal. If the agency does not file a brief or supporting statement, your client has sixty (60) days from receipt of the agency's appeal to file his opposition to the appeal. Briefs, supporting documents, and opposition to appeal must be mailed, hand delivered, or faxed (if no more than ten pages in length) to the Office of Federal Operations at the address/fax number listed above. A copy of the brief, supporting documents, or opposition to appeal must also be served on the agency at the address listed above.

Certification of the date and method by which service was made on the agency must be contained in, or attached to, the brief, supporting documents, or opposition to appeal addressed to the Office of Federal Operations.

### RIGHT TO FILE A CIVIL ACTION

Under Title VII, the Age Discrimination in Employment Act, and the Rehabilitation Act, your client has the right to file a civil action in an appropriate United States District Court:

(a) within 90 days of receipt of this final action if no appeal has been filed with the Equal Employment Opportunity Commission, or

(b) within 90 days after receipt of the Equal Employment Opportunity Commission's final decision on an appeal, or

(c) after 180 days from the date of filing an appeal with the Equal Employment Opportunity Commission if there has been no final decision by the Commission.

**Name and Title of the Defendant.** If your client files a suit, she must sue the Secretary, Department of the Army, by name and title. The defendant is <u>Mr. Louis Caldera, Secretary, Department of the Army.</u> Failure to name the head of the Department of the Army may result in dismissal of the case. Only the Secretary of the Department of the Army can be the defendant as stated in Title VII of the Civil Rights Act of 1964, as amended. Please do not sue other management officials, because it may result in the loss of any judicial redress.

**Complainant's Right to Counsel.** If your client decides to file a civil action, under Title VII or under the Rehabilitation Act, and if she does not have or cannot afford the services of an attorney, she may request that the Court appoint an attorney to represent her and that the Court permit her to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action <u>MUST BE FILED WITHIN (90) CALENDAR DAYS</u> of the date you receive the final action from the agency or the Commission.

The docket numbers used on the upper right hand corner of page one of this letter should be used on all correspondence.

Stanley L. Kelley, Jr.
Director, Equal Employment Opportunity
Compliance and Complaints Review Agency

Enclosures:

EEOC Form 573 (Agency Appeal)
EEOC Form 573 (Blank Copy)

Copy Furnished:

Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Brenda J. Pruitt
1737 University Avenue #55
Fairbanks, Alaska 99709-4943

Office of the Staff Judge Advocate
ATTN: Elyce K. D. Santerre, Esq.
600 Richardson Drive
Suite 5700
Fort Richardson, Alaska 99505-5700

HQ, U.S. Army Alaska
ATTN: APVR-REEO
600 Richardson Drive #5000
Fort Richardson, Alaska 99505-5000