# INVESTIGATIVE FILE





SAC97AR0479E

### DOCKET NUMBER

---

BRENDA J. PRUITT

### COMPLAINANT

---

FORT WAINWRIGHT, ALASKA

### ORGANIZATION FILED AGAINST

---

DEPARTMENT OF THE ARMY

### COMPONENT FILED AGAINST



WARNING: All information contained in this
report is protected by the Privacy Act of 1974 and
must be dealt with accordingly.

# DEPARTMENT OF DEFENSE
## CIVILIAN PERSONNEL MANAGEMENT SERVICE
## OFFICE OF COMPLAINT INVESTIGATIONS

EXHIBIT Q

## EEO - COUNSELOR CHECKLIST OF REQUIRED ACTIONS

Action Accomplished

|  | | | YES | NO |
|---|---|---|---|---|
| 1. | | Contact EEO Office ASAP after initial contact with an aggrieved person. | ( ✓ ) | ( ) |
| 2. | | Obtain following information within 3 working days after initial contact. | | |
| | a. | Aggrieved Person's NAME. | ( ✓ ) | ( ) |
| | | Aggrieved Person's PHONE NO.(s) Business and/or residence. | ( ✓ ) | ( ) |
| | | Aggrieved Person's Organization/Branch. | ( ✓ ) | ( ) |
| | | Aggrieved Person's JOB TITLE/SERIES/GRADE. | ( ✓ ) | ( ) |
| | | Aggrieved Person's HOME ADDRESS. | ( ✓ ) | ( ) |
| | b. | Does/does not want to be Anonymous. | ( ) | ( ✓ ) |
| | c. | Does/does not have a Representative. | ( ) | ( ✓ ) |
| | d. | Basis for the complaint (Race, Color, Sex, Religion, National Origina, Age, Physical/Mental Handicap, Reprisal. | ( ✓ ) | ( ) |
| | e. | Date of Alleged Discriminatory Act. | ( ✓ ) | ( ) |
| 3. | | Conduct inquiry to determine: | | |
| | a. | Did Alleged Discriminatory Act happen more than 45 days before initial contact?  (If so, contact EEOO ASAP). | ( ) | ( ✓ ) |
| | b. | Has the act occurred yet?  (Complainant may think so but may not have received official notice.)* | ( ✓ ) | ( ) |
| | c. | Details on where the act took place.  (Organization, location, etc.) | ( ✓ ) | ( ) |
| | d. | Details on issues giving rise to the complaint, i.e., what happened? | ( ✓ ) | ( ) |

* If alleged discriminatory act has not yet occurred, EEO Counselor should not initiate inquiry - instead, contact EEO office ASAP for guidance.

19

Action Accomplished

|  | YES | NO |
|---|---|---|
| Example:    If nonselection for promotion, as a minimum, obtain the following information: | N/A | |
| (1)   Title grade/series of job applied for. | ( ) | ( ) |
| (2)   Organization where job is located. | ( ) | ( ) |
| (3)   Job Announcement Number. | ( ) | ( ) |
| (4)   Date notified in writing of nonselection. | ( ) | ( ) |
| e.   Did aggrieved person name a Principal Agency Witness (PAW)? If so, who? | (L) | ( ) |
| 4.  Provide EEO Counselor Three-Day (3) Report to EEO Office NLT third working day after initial contact. | (L) | ( ) |
| 5.  Advise PAW (if named) of his/her rights. | (L) | ( ) |
| 6.  Maintain record of interviews and time spent on the case as required for completion of Precomplaint Counseling Expense Sheet. | (L) | ( ) |
| 7.  To extent possible, strive to complete informal inquiry within 30 days after initial contact. | (L) | ( ) |
| 8.  Provide verbal report to EEO office on status of the complaint within 15-20 days after initial contact. | (L) | ( ) |
| 9.  Provide aggrieved person an Agreement to Extend Counseling on 30th day after initial contact if attempts are being made to informally resolve the complaint. | (L) | ( ) |
| 10.  Forward to EEO Office a copy of the Agreement to Extend Counseling for EEO Officer's concurrence and signature. | (L) | ( ) |
| 11.  Continue to devote necessary time to the complaint in order to resolve ASAP. | (L) | ( ) |
| 12.  Prior to conducting the final interview, report the status of complaint to EEO Office. | (L) | ( ) |

2

20

Action Accomplished

YES    NO

13.  Upon completion of fact finding and following discussion
     with EEO Officer/Specialist, schedule and conduct the
     FINAL INTERVIEW.                                              ( )    ( )

14.  Issue Notice of Right to File Discrimination Complaint
     to aggrieved Person at the FINAL INTERVIEW or mail by
     certified return receipt to the aggrieved.  Obtain
     signed acknowledgement of receipt at the time the
     Notice of Right to File is given.                            ( )    ( )

15.  Provide EEO Office a copy of the Notice of Right to
     File Discrimination Complaint at the same time the
     original is presented to the aggrieved person.              ( )    ( )

16.  Prepare the EEO Counselor's Final Report of Pre-
     complaint counseling and forward to EEO Office NLT
     three (3) calendar days after issuance of Notice of
     Right to File Duscrimination Complaint to Aggrieved
     Person.                                                     ( )    ( )

3



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY ALASKA
600 RICHARDSON DRIVE # 5000
FORT RICHARDSON, ALASKA 99505-5000



REPLY TO
ATTENTION OF:

September 16, 1996

Equal Employment
Opportunity Office

Ms. Brenda J. Pruitt
1737 University # G55
Fairbanks, Alaska 99709-1737

Dear Ms. Pruitt:

This letter refers to your request for information to file a discrimination complaint within the equal employment opportunity arena. I have enclosed publications for your reference, along with documents for you to complete and return to this office. Upon receipt of the completed documents an EEO counselor will be assigned to process your complaint. Mail the documents to:

Equal Employment Manager
ATTN: APVR-REEO
600 Richardson Dr # 6900
Fort Richardson, AK 99505-6900

If you have questions, or need additional information, please feel free to call me at 384-2080, Monday-Friday, from 7:30 a.m. to 4:30 p.m.

Sincerely,

Barbara J. Hopkins
Equal Employment Manager

Enclosures

FILE COPY

22

COMPLAINANT'S NAME AND ADDRESS:

BRENDA  J.  PRUITT

_____

Title, series, grade  COMMUNITY
HEALTH NURSE ASSISTANT GS-5 620
SSN: 442 48 3076
Work Tel No: (907) 353-5692
Home Tel No: (907) 474-8696

NAME AND ADDRESS OF PERSON(S) WHO WERE
RESPONSIBLE FOR THE ACTION COMPLAINED OF:

MAJ. WILSON, MAJ TENHET
LTC CANDLER, LTC GALLIMORE
MS SHELBY BUTLER.

NAME AND ADDRESS OF ORGANIZATION INVOLVED:
USARMY MEDDAC BASSETT ARMY
COMMUNITY HOSPITAL, FORT
WAINWRIGHT, ALASKA 99703
PHONE NUMBER: (907) 353-5181

WHEN AND WHERE DID THE ALLEGED ACT(S) OF DISCRIMINATION OCCUR:

DATE  1 OCTOBER 1996            PLACE PREVENTATIVE MED BASSETT ARMY
                                       HOSPITAL, FORT WAINWRIGHT, AK

Which of the following **BEST** describes why you were discriminated against?

| ✓ | Race | | Religion | ✓ | Sex | | National Origin |
| ✓ | Color | | Handicap | | Age | | Reprisal |

...ES THE DISCRIMINATION AGAINST YOU INVOLVE:

| | | | | | |
|---|---|---|---|---|---|
| | Appointment | | Training | | Reprisal |
| | Promotion | | Time & Attendance | | Pay, including overtime |
| ✓ | Reassignment | | Retirement | | Conversion to fulltime |
| | Separation/Termination | ✓ | Assignment of duties | | Career conditional |
| | Suspension | | Exam/Test | | Reinstatement |
| | Reprimand | ✓ | Work conditions | | Awards |
| | Evaluation/Appraisal | ✓ | Harassment | ✓ | And/or other (Specify) |
| | Duty Hours | | Sexual Harassment | | THREATS & INTIMIDATION |

Explain what happened and how you were discriminated against. (Be sure to include how other persons
were treated differently from you. Also attach any written materials pertaining to your case).

I AM BEING DISCRIMINATED AGAINST BASED ON THE FOLLOWING: (1) RACIAL
SLURS OR EPITHETS PLACED ON MY DESK AT WORK QUESTIONING THE DEFINITION
OF A "NIGGER". (2) DENIAL BY MY SUPERVISOR TO TAKE ANY ACTION OR EVEN
INVESTIGATE THIS MATTER THUS CONTRIBUTING TO AN UNTENABLE WORKING ENVIRON-
MENT. (3) SHELBY BUTLER, MY IMMEDIATE SUPERVISOR IN COLLUSION WITH
MAJ, LTC CANDLER, LTC GALIMORE AND OTHERS HAVE FABRICATED A LIE TO
HAVE ME FIRED OR CONSTRUCTIVELY DISCHARGED FROM MY JOB.

Brenda Pruitt  25 Oct 96.          [CONTINUED ON PAGE 2]

23

PAGE 1 OF 4

(4.) I WAS MOVED ON 30 SEPT 96 TO ANOTHER LOCATION, GIVEN LESS RESPONSIBILITY AND SMALLER OFFICE WITH NO EQUIPMENT TO CARRY OUT MY DUTIES BECAUSE OF RACISM AND, SEXISM AND BECAUSE OF A PERCEPTION THAT I WAS PROTECTED BY MY FORMER SUPERVISOR WHO HAPPEN TO BE A BLACK FEMALE. IN THE WORDS OF MY CURRENT SUPERVISOR, "LTC IVEY HAD DIFFERENT SETS OF RULES FOR YOU THAN ME."

(5.) LTC CANDLER HAS BEEN COUNSELED BY HIS SUPERVISOR FOR RACISM IN THE PAST AND IS STILL CONTINUING TO CONDUCT RACIST BEHAVIOR BY REFUSING TO GIVE ME A KEY TO MY OFFICE WHILE "WHITE" EMPLOYEES HAVE NO PROBLEMS GETTING KEYS TO THEIR OFFICES OR SUPPLIES & EQUIPMENT NEEDED.

(6). I HAVE BEEN MOVED 4 TIMES IN TWO AND A HALF YEARS WHILE ~~ANY~~ WHITE STAFF MEMBERS HAVE BEEN UNDISTURBED

(7.) COLLUSION BY WHITE STAFF MEMBERS TO CALL THE MILITARY POLICE AND FRAUDULENTLY ALLEDGE THAT I STOLE MY OWN CARPET FROM MY OFFICE TO GET ME FIRED WHILE WHITE STAFF MEMBERS HAVE NOT BEEN HARASSED IN THIS WAY!

Bill Pruitt 23 Oct 96

24

PAGE 2 OF 4

RECEIVED **A F F I D A V I T**

97 AUG 11 PM 2:49

X State of _Alaska_

X County of _Fairbanks North Star_

X I, _Sara A. Schulze_ X at _EEO Office Ft. Wainwright, AK_, make the following statement under oath or affirmation. Pursuant to Public Law 93-579 (Privacy Act of 1974), as an individual supplying information for inclusion in a system of records, I have been informed of the following:

EFFECTS OF NONDISCLOSURE: Disclosure of information by me is voluntary; however, I realize my failure to respond could result in a recommended disposition of the case on the basis of information available. Witnesses who are Department of Defense employees may be subject to administrative action for failure to testify.

AUTHORITY: The authority to collect the information requested by this interview is derived from one or more of the following: Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 5, United States Code, Sections 1302, 1303, 1304, 3301, and 3302; Executive Order 11478, as amended; Executive Order 10577; 29 CFR 1614; and FPM Chapter 771.

PURPOSE AND USES: The information supplied will be used as part of the record in an equal employment opportunity discrimination complaint or grievance investigation. The record will be furnished to designees of agencies and departments of the Federal Government in order to resolve the complaint or grievance. The record may also be disclosed to any agency of the Federal Government having oversight or review authority with regard to Office of Personnel Management or Department of Defense activities, to the Federal intelligence agencies, or to others as published in the Federal Register.

Q. Please state your name, race, color, sex, and age (date of birth).
A. Sara Ann Schulze. My race is white, my sex is female, and I just turned 48 (July 30, 1949).
Q. Where do you work? (Name of activity, organization, office symbol)
A. US Army Medical Activity, Alaska (USA MEDDAC-AK) for four and a half years. I work in the Kamish Clinic. I was sent over there to be in charge of the clinical aspect of patient care of the clinic.
Q. How long have you worked in your present position?
A For one year, as of August 1, 1996.
Q. What position did you previously hold?
A. I was the Ward Master for ward 4A, in the Basset Community Hospital.
Q. List the names of your past supervisors, for the past 2 years.
A. Major Joyce Wilson who is now retired and now my supervisor is Major Blunt.
Q. Did you place a written document on Brenda Pruitt's desk in September 1996 that contained a racial slur ("nigger")? If so why? No, I did not place this document on her desk. SARA Schulze
A. I know nothing about that. This is the first time I have heard about that.
Q. Did you write a computer message and send it to select employees making a reference to "cleaning out the black palace (Kamish Clinic)? If so why?
A. I did not say that and I never heard anything like that before. I never saw any message like that.
Q. Were you involved with or have knowledge of a phone recorded message to Brenda Pruitt, that said, "Ba Ba black sheep?"
A. I do not know anything about that. This is the first time I ever heard anything like that.
Q. Do you have anything to add?
A. No, I have not heard anything about the three statements that I was just asked.
End of statement

Page 1 of 2 pages

X Affiant's Initials: _SAS_

135

X ʌ  SARA H. Schulze

*nothing follows SAS*

I have read the above statement, consisting of _2_ page(s), and it is true and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

Subscribed and sworn before me by Telephone to John S. Hays - OCI Investigator

at: EEO office Ft. Wainwright, AK

X Sara A. Schulze
Affiant's Signature

on this 4th day of August 1997

X SFC, CNCOIC, KHC, FWA
Title

Cartina Borales
(Signature)
EEO Specialist

TOTAL P.02

136

## A F F I D A V I T

*State of Michigan*
*County of*

I,       Dr.       Rick       Mee,       at       Gaylord,       Michigan
formerly       assigned       at       Fort       Wainwright,       Alaska
, make the following statement under oath or affirmation. Pursuant to Public Law 93-579 (Privacy Act of 1974), as an individual supplying information for inclusion in a system of records, I have been informed of the following:

EFFECTS OF NONDISCLOSURE: Disclosure of information by me is voluntary; however, I realize my failure to respond could result in a recommended disposition of the case on the basis of information available. Witnesses who are Department of Defense employees may be subject to administrative action for failure to testify.

AUTHORITY: The authority to collect the information requested by this interview is derived from one or more of the following: Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 5, United States Code, Sections 1302, 1303, 1304, 3301, and 3302; Executive Order 11478, as amended; Executive Order 10577; and 29 CFR 1614.

PURPOSE AND USES: The information supplied will be used as part of the record in an equal employment opportunity discrimination complaint or grievance investigation. The record will be furnished to designees of agencies and departments of the Federal Government in order to resolve the complaint or grievance. The record may also be disclosed to any agency of the Federal Government having oversight or review authority with regard to Office of Personnel Management or Department of Defense activities, to the Federal intelligence agencies, or to others as published in the Federal Register.

This phone call is regarding an EEO discrimination complaint filed by Ms. Brenda Pruitt, from Fort Wainwright, Alaska. She based her complaint on race, color, sex, and age. Your sworn testimony is requested as part of this investigation. Ms. Pruitt has alleged that a racial slur note was placed on her desk, she received phone messages of a racial nature, saying "bah bah black sheep," and allegedly an electronic mail message was sent to "white" staff only. The message allegedly referred to the Kamisch clinic as the "black palace."

Q. Is your name Dr. Rick Mee?

A. Yes.

Q. Did you work at Fort Wainwright, Alaska in 1996 as a military doctor?

A. Yes.

Q. Did you work in Kamisch clinic in 1996?

Page 1 of 3 pages                                    Affiant's initials: _RM_

Name: *Dr. Rick Mee*

A. Yes.

Q. What was the position title, and military rank that you held at Fort Wainwright?

A. CPT – Maj   Staff Physician,   later became
OIC Kamish Clinic

Q. What is your race?

A. Caucasion

✳ Q. Do you remember seeing or receiving an electronic mail (E-Mail) message sent that made some type of reference to "cleaning out the black palace" the black palace was referring to Kamisch clinic?

A. I do not know anything about a racial slur note given to Ms. Pruitt, or any phone messages sent to her. There was an e-mail message sent that I took offense to, but it was not directed at Ms. Pruitt. I took offense to the message because it run contained derogatory information directed at one of the NCO (non commissioned officers) leaders in the clinic originating from another NCO leader

Q. Who sent the message?

A. SFC Schultz

Q. What additional information would you like to state regarding the presented issue?

A.

Page 2 of 3 pages                                Affiant's initials: _____

## END OF STATEMENT

*I have read the above statement, consisting of 3 page(s), and it is true and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.*

*Subscribed and sworn before me by telephone*

From or: OCI Sacramento, CA

on this ___13___ day of ___January___ 1998

_____
(Signature)

_____
Affiant's Signature

_____
Family Physician - Gaylord
Michigan

Title

**Date:** 1 October 1996, 1130

**Memorandum for Record**

**Subject:** Ms Pruitt, Lunch, and Personal Belongings at the TMC

Brenda just stuck her head in the door and said that she was leaving now for lunch and had a 12:30 appointment with LTC Lewis.

I informed her SFC Williams had come by and he wanted her to get her things at the TMC right after lunch, so please come back to the unit before going to any appointment.

She said that she would. I asked her again who she was going to see and she said LTC Lewis. I asked her why? She replied, "Because they want to try to keep me from having to go over to the MP Station, which Major Candler should have done in the first place."

I went down to the Commander's office to verify Ms Pruitt's appointment, and I was told by Joyce that Ms Pruitt had no 1230 appointment with LTC Lewis.

Shelby Butler, R.N., CHN
Preventive Medicine

247

Date: 1 Octob\ 996, 1530

Memorandum for Record

Subject: Visit with LTC Lewis

Attendance: LTC Lewis, Ms Pruitt, and Mrs. Butler

Ms Pruitt states she has an appointment at 1600 with LTC Lewis. I asked her where she had been since lunch and she stated she had been over to the Kamish talking to the Investigator. States the investigator didn't even take a statement because he said there wasn't any reason to because she had three witnesses that said the floor wasn't messed up when she left.

Accompanied Ms Pruitt to see LTC Lewis. During the course of the conversation, he asked her who had given her permission to remove the carpet. She replied that LTC Gallimore had, and then went on to say that it was her carpet anyway so she had the right to take it up if she wanted to. When LTC Lewis glanced over to me, I shook my head, no, because I knew LTC Gallimore's stand on the issue.

Ms Pruitt and LTC Gallimore had already discussed the carpet in my presence, and the Colonel said that the most important thing right now was to get the move accomplished, and then there would be time to find out about taking up the carpet. She suggested to Ms Pruitt that she get moved and then at a later time she could check with Safety and look into what all it would take to move the carpet. Brenda replied that she thought she would have to talk to OSHA, too. This is as far as the issue was addressed and I felt like the issue was closed and I have no reason to believe that LTC Gallimore thought any other way, either.

I noted that Brenda stated that the carpet was government property this morning and now she was saying the carpet was hers.

When we left, LTC Lewis asked Ms Pruitt if she was going to see Colonel Carter, because if she was, he wanted to brief him on their conversation. She didn't answer him at first, but said she was looking for Joyce. I asked her if she was going to see Colonel Carter and she said yes.

I thought it interesting that Ms Pruitt did not ask LTC Lewis at any time if he or   someone else would escort her to the MP Station, since this was the reason  she had given me for going to headquarters in the first place.

Shelby Butler, R.N., CHN
Preventive Medicine

248

**Date:** 1 October 1996

**Memorandum for Record**

**Subject:** Visit from Major Tenhet

      Major Tenhet informed me the MPs would be coming to pick Ms Pruitt up to go to the MP Station. I replied, "OK, thank you for letting me know."

*Shelby Butler, R.N., CHN*
Shelby Butler, R.N., CHN
Preventive Medicine

249

**Date:** 7 October 1996

**Memorandum for Record**

**Subject:** MP Call at 1315

MP Station called at 1315 today requesting I give permission and instruct Ms Pruitt go over to the MP Station.  I stated that I would and then told Ms Pruitt, the MPs wanted her to go over to the Station.

Ms Pruitt said, "O.K."

At 1330, I asked Ms Pruitt if she was going over to the MP Station now.  She said that she didn't know and "I've gotta call somebody, then I will know."

I said, O.K.  Let me know.

At 1340, I checked to see if Ms Pruitt had left yet.  She had not.  I ask her if she found someone to go to the MP Station with her.  She said that she was waiting on a call from her lawyer.

Ms Pruitt left at 1500 to go to physical therapy.


Shelby Butler, R.N., C.H.N.

250

Date: 21 November 1996

MEMORANDUM FOR RECORD/Counseling

To: Ms Brenda Pruitt, L.P.N.

Subject: Removal of Confidential Access

On 21 October 1996, I received a substantiated complaint in reference to breach of confidentiality and privacy. This was a written complaint and was presented to me by the patient's husband. This incident was discussed with you on 22 October 1996 and again on 29 October 1996.

As of this date, the letter is nothing more than a formal complaint lodged against you and reflects no more than that! These are only allegations.

For the protection of all involved, you are temporarily removed from having access to CHCS, working with patient records, giving direct patient care, or any assignments or responsibilities that pertain to confidentiality until this matter is settled. You will retain your other duties as outlined in your job description or assigned. At the present time, you will remain in Preventive Medicine

This directive is in NO WAY disciplinary. This is being accomplished ONLY for legal reasons. This is to protect you, myself and all of MEDDAC in the event there would be other patient complaints filed during the time of this investigation.

Shelby J. Butler, R.N., CHN
SHELBY J. BUTLER, RN, CHN
Preventive Medicine


CONCUR/NONCURRANCE

Carole E. Gallimore
Carole E. Gallimore
LTC, AN
C, ACHN

251

Preventive Medicine Services
USA MEDDAC-AK
Ft. Wainwright, AK

Occupational Health Orientation Checklist

Name *Brenda Pruitt*   Date *30 Nov '96*

The purpose of this document is to insure all newly assigned personnel are provided information about the Occupational Health Program.

Occupational Health

Date *21 Nov '96*

- ✓ Clinic/Program SOP
- ✓ Management and filing of patient records ( Record Keeping)
- ✓ Screening of MEDDAC/DENTAC employees
- ✓ Making patient appointments
- ✓ Lab values - system for insuring RN/Physicians review
- ✓ Respiratory Therapy
- ✓ Referral
- ✓ Radiology Referral
- ✓ Use of CHCS
- ✓ Patient Education program *EAP, OWCP, HRA, PPE*
- ✓ Overview of AR-40-5 - OH Programs
- ✓ OMIS overview - MIMS, HHIMS, HERRS
- ✓ Scheduling of Patients
- ✓ Support of other hospital providers
- ✓ Vision conservation Program
- ✓ Hearing Conservation Program

I have received an information briefing on the Occupational Health Section and have been offered an opportunity to discuss the listed programs.

CC: *Mrs. Butler*
*Pruitt*

252